SMITH v. ROBINSON et al.

**Commissioner's Report Flagrantly Erroneous is Not Conclusive, Although
    Not Excepted to.**
        The report of a commissioner, though not excepted to by the defendant,
    is not conclusive as to flagrant errors apparent on its face, or made so by
    comparison with the pleadings and exhibits to which it refers.
        A commissioner's report adjudging accounts between codefendants that
    fails to show a credit due from one of the codefendants to the other is
    erroneous.
**Same.**
        It is error to charge a defendant with a debt not shown by the evi-
    dence to have existed.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 29, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

These two consolidated cases originated in petitions filed against
Isaac H. Trabue, etc., to obtain a discovery of property and effects
to be subjected to the satisfaction of two judgments which had
been rendered against I. H. Trabue and M. C. Nesbit, one in favor
of Robinson, etc., the other in favor of Cope, etc., on each of which
an execution had been returned, no property, the petition of
Robinson, etc., having been first filed.

In answer to each petition Trabue stated that James M. Smith,
of Rockcastle county, was indebted to him from $2,000 to $2,500
and that the papers relating thereto were in the clerk's office at
Mt. Vernon, which is in Rockcastle county. Smith was there-
upon made a defendant in each case — Robinson, etc., averring
that he was indebted to Trabue by a bond for $2,000, on file in
the Rockcastle Circuit Court, for services in obtaining pensions
for two persons, which bond is said to be filed in the suit of Robin-
son, etc. v. Cope, and that Smith was indebted to Trabue in two
bonds of $1,000 each, on file in the Rockcastle Circuit Court, for
services in obtaining pensions for the widows Phumphrey and
Tunpkin. In this last case an indorsement on the summons
stated that the object of the suit was to attach in Smith's hands
the amount due by him to Trabue on two bonds of $1,000 each.

Smith answering in each case denies that any such bonds as alleged are on file in the Rockcastle court or elsewhere, and that he never executed such bonds. And he denies that he is indebted to Trabue in the sums mentioned or in any other sum whatever, but alleges that Trabue is indebted to him in the sum of $———— for part of which he has a judgment. In proof he exhibits the record of an action in the Rockcastle Circuit Court, by Trabue against him, founded on a written agreement relating to the pension of Mrs. Lambert, in which action a judgment was rendered in his favor against Trabue on his counterclaim for overpayment for the sum of $410, with interest from the 25th day of September, 1853, until paid. He also exhibits another record from the same court, of an action by Trabue against him on two bonds or agreements, one for paying Trabue one-fourth of the pension which should be obtained for Mrs. Phumphrey, the other for paying the same proportion of the pension which might be obtained for the widow of "Lieutenant-Col. John P. Williams." In answer to the petition of Trabue on these two agreements he denies that Trabue had rendered any service in prosecuting either of the pension claims referred to, or in obtaining them. And the record of the action shows that the suit was dismissed on a rule requiring security for costs, which the plaintiff had failed to give at the preceding term.

In his answer in each of the cases now before us, Smith denies that any other bonds by him to Trabue are in the Rockcastle Circuit Court, and that he ever executed any other to Trabue. None others are produced or proved to have even existed. And he states that each of these bonds were executed for services to be rendered by Trabue in obtaining pensions for the persons therein named. In answer to the petition of Caleb Cope, etc., he denies that Trabue rendered any services in obtaining the pension of Mrs. Phumphrey, and denies that any pension was obtained for the widow of Lieutenant or Colonel John P. Williams, and that Trabue had rendered any services therein. In his answer filed on the same day to the petition of Robinson, etc., he says that at the time when these obligations were executed by him, Trabue, in consequence of some misconduct, was debarred from prosecuting pension claims before the commissioner of pensions. Each of these statements concludes, that, therefore, the consideration of said obligations has wholly failed.

Some depositions were taken, which proved that a pension had been allowed to Mrs. Phumphrey, and paid to Bullock, as her administrator, and that a pension had also been granted to Mrs. Lumpkin and paid to C. W. Gilmore, her attorney in fact; the deposition of Elisha Smith, the only witness relied on to prove the services of Trabue or the reception by J. M. Smith of the fee, in either of said cases, also taken, together with the depositions of various persons to impeach and sustain the credibility of Elisha Smith, the witness, who is shown to have been addicted to extreme intemperance for twenty years, whose evidence as to the particular matters in issue consisted wholly of statements of what J. M. Smith had read some six or eight years before; during which interval it is proved that the two Smiths were exceedingly hostile to each other; and that the feelings of the witness toward J. M. Smith were those of bitter enmity, and there is reason to believe that Elisha Smith, who had been concerned in bringing the suits of Trabue against J. M. Smith, had also been instrumental in having this suit brought by the creditors of Trabue against James M. Smith.

In this state of the pleadings and evidence the court without deciding anything referred the two cases to the master commissioner to report whether J. M. Smith was indebted to I. H. Trabue at the time of the service of the summons on him or of the filing of his answer in these two actions, and, if indebted, in what sum. The broad terms of this reference seem to commit the whole case upon the law and the facts to the commissioner, and to invest him with judicial functions. His report not being excepted to was confirmed, perhaps, for that reason. And the two cases coming on to be heard upon the report of the commissioner *and the depositions*, the sum reported to be due was directed to be paid into court by Smith and to be applied to the satisfaction of the two judgments according to priority.

Upon this judgment, from which Smith has appealed, various ineffectual attachments were issued against him, and objections are made to the form of the judgment in ordering the money to be paid into court and to the issuing of attachments thereon. But we deem it unnecessary to decide upon this objection because there are others more radical, which go to the merits of the judgment.

The report of the commissioner, which probably decided the case, though not excepted to on the part of the defendant Smith,

who, though he resided at a distance, seems to have been inexcusably negligent, is certainly not conclusive as to flagrant errors apparent on its face or made so by comparison with the pleadings or exhibits to which it refers. The report charges Smith with one-fourth of the aggregate amount of the pensions allowed on the claims of Mrs. Phumphrey and Mrs. Lumpkin, with interest on each from the date of payment to Bullock and Gilmore by the pension agent, to the date of filing his answers in the two cases, making an aggregate sum of more than $1,900. The report does not state when Smith received the two pensions, that being the time from which interest should be charged against him, nor does it state explicitly, or refer to evidence which proves that he received them at all. It charges one-fourth of the full amounts paid by the pension agent as aforesaid without deducting the expenses of obtaining the pension as provided for in the agreements of Smith for paying one-fourth to Trabue. These are errors, even if the commissioner was correct in assuming that Smith was bound to pay one-fourth of each of these two pensions to Trabue. A more important error is that the report fails to credit Smith with the amount of his judgment against Trabue, which, being claimed as a debt which is not pretended to have been paid, must be taken into account in ascertaining the indebtedness of Smith to Trabue.

A still more radical error is that the commissioner charges Smith with the amount paid for the pension of Mrs. Lumpkin when there is no sufficient proof that Trabue rendered any services in obtaining that pension, and there should have been no charge on account of that pension.

The sum paid for the pension of Mrs. Phumphrey was only $620, one-fourth of which, with interest, may be properly charged against Smith after deducting the expenses, etc. But as this sum is much smaller than the sum adjudged to Smith against Trabue, as shown by the record exhibited, it is apparent that Smith was not indebted in any sum to Trabue when the answers of Smith were filed or the summons served in these cases.

Wherefore, the judgment is reversed and the cause remanded with directions to dismiss the petition as against J. M. Smith in each of the two consolidated cases.